IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BERNARD FRACTION,

                Plaintiff,

    vs.

DENNIS ROOKSTOOL, Douglas
County Treasure;

           Defendant.

**8:17CV292**


**MEMORANDUM
AND ORDER**

Plaintiff filed a Complaint on August 10, 2017. (Filing No. 1.) He has been granted leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff brings this action against Dennis Rookstool ("Rookstool"), the Douglas County Treasurer. Plaintiff alleges that Randy James and Vandelay Investments committed fraud when they obtained a tax deed for Plaintiff's home and later caused him to be evicted from his home, because they did not comply with certain prerequisites required by Nebraska law for issuance of a tax deed. Specifically, Plaintiff alleges in his Complaint that "receiving a tax deed without affidavits on file in the treasure[r's] office is considered fraud" under Neb. Rev. Stat. § 77-1837[1]. He believes that his personal and civil rights were violated.

---

[1] Actually, "[i]n all cases when the owner of real property sold for taxes resists the validity of a tax title, the owner may prove fraud committed by the officer selling the same or in the purchaser to defeat the same, and if fraud is so established, the sale and title shall be void." Neb. Rev. Stat. § 77-1846 (West). Neb. Rev. Stat. § 77-1837 (West) provides, in relevant part: ". . . the county treasurer, on application, on production of the certificate of purchase, and upon

(Filing No. 1 at CM/ECF pp. 1-2.) He requests a hearing "to find out what criteria was used to transfer [his] property . . . to Vandelay Investments legally," and unspecified damages. (*Id.*)

Plaintiff attached several documents to his Complaint. (*Id.* at CM/ECF pp. 3-14.) Those documents include an incomplete order from the state district court in Douglas County, Nebraska. (*Id.* at CM/ECF pp. 13-14.)[2] Plaintiff filed a state district court action against Randy James and Vandelay Investments in Douglas County, Nebraska challenging the tax deed issued on his property. On August 10, 2016, the state district court granted summary judgment for the defendants and dismissed the case, finding the tax deed valid and that Vandelay Investments complied with the notice requirements under Nebraska law because it sent the required notice[3] to Plaintiff via certified mail. It is apparent from Plaintiff's remaining attachments that he disagrees with the state district court judgment, specifically that the notice requirements were met under Nebraska law and because no affidavits are on file with the Douglas County Treasurer's Office. (*Id.* at CM/ECF pp. 3-14.)

---

compliance with sections 77-1801 to 77-1863, shall execute and deliver a deed of conveyance for the real estate described in such certificate as provided in this section."

[2] *See* attached complaint and complete summary judgment order for *Bernard Fraction v. Randy James and Vandelay Investments*, Douglas County District Case No. CI 15-6268, *at* https://www.nebraska.gov/justice//case.cgi; *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

[3] The notice that it intended to apply for a tax deed on the property. *See* Neb. Rev. Stat. § 77-1831 (West).

## II.  PRIOR STATE COURT JUDGMENT[4]

Meanwhile, on April 13, 2016, Plaintiff filed a state district court action in Douglas County, Nebraska against Rookstool, alleging that Plaintiff's due process rights were violated when Rookstool illegally issued the tax deed on Plaintiff's home to Randy James and Vandelay Investments. Plaintiff asserted (1) he was not given personal notice of Vandelay Investments' intention to apply for a tax deed and (2) the certified mail receipts were forged with the signatures of Plaintiff and his wife. On July 14, 2016, the state district court denied Plaintiff's motion for judgment on the pleadings and granted Rookstool's motion to dismiss the case. With regard to Plaintiff's first assertion, the state district court found, in relevant part:

> The statute did not require that the certified mail receipts be signed by a particular person or by an individual with specific qualifications. Accordingly, the Court finds that Plaintiff cannot state a plausible claim to relief under federal constitutional due process for Vandelay Investment's failure to provide personal service of its notice of intention to apply for a treasurer's tax deed to the property because Vandelay Investments was not statutorily obligated to provide him personal service of its notice. This aspect of Plaintiff's due process claim cannot proceed.

With regard to Plaintiff's second assertion, the state district court found, in relevant part:

> Plaintiff has not expressly and unambiguously stated that he sues Defendant in his (Defendant's) individual capacity, so the Court must review the Complaint as one asserting only an official capacity claim. [case law omitted]

---

[4] *See* attached complaint, order, and judgment on the mandate for *Bernard Fraction v. Dennis Rookstool*, Douglas County District Case No. CI 16-3090, at https://www.nebraska.gov/justice//case.cgi.

The Complaint reasonably infers that Defendant is an employee of the County of Douglas, Nebraska ("Douglas County"). Pursuant to *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978), local governments such as Douglas County are responsible only for their own illegal acts, they are not vicariously liable for their employees' actions. Per *Monell*, in order for Plaintiff to assert a plausible claim to relief from Douglas County under § 1983 he must show that an official policy or custom was the "moving force" behind the violation of his due process interest. The Complaint is silent as to any official policy or custom of Douglas County's. Accordingly, the Court finds that Plaintiff has failed to state a claim to relief from Douglas County under federal constitutional law that is plausible on its face.

The Nebraska Court of Appeals affirmed the judgment on appeal, and the state district court entered judgment on the mandate on June 28, 2017. A little over a month later, Plaintiff filed this action.

## III. APPLICABLE STANDARDS OF REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## IV. DISCUSSION[5]

### A. Claim Preclusion

---

[5] The court notes, at the outset, that it does not appear that Plaintiff has standing to challenge the tax deed. Standing . . . is a jurisdictional requirement, and thus "can be raised by the court sua sponte at any time during the litigation." *Delorme v. United States*, 354 F.3d 810, 815 (8th Cir. 2004). Plaintiff must comply with Neb. Rev. Stat. § 77-1844 before he has standing to challenge the tax deed. *See Hauxwell v. Henning*, 863 N.W.2d 798, 802 (Neb. 2015). Section 77-1844 requires Plaintiff to pay taxes due upon the property " ' "before or during the trial, or before final judgment." ' " *Id.* (citations omitted). Plaintiff does not allege that he ever paid the delinquent taxes on the property. If Plaintiff does not have standing to challenge the tax deed, he cannot rebut the presumption under Nebraska law that the tax deed is valid. *Id.* at 803 (citing Neb. Rev. Stat. § 77-1842). The court finds that any amendment to remedy this defect would be futile because, as discussed next, preclusion applies here.

5

The state district court judgment in *Fraction v. Rookstool*, Douglas County District Court Case No. CI 16-3090, precludes Plaintiff's claims against Rookstool in his official capacity.[6] Where a plaintiff fails to "expressly and unambiguously" state that a public official is sued in his individual capacity, the court "assume[s] that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Plaintiff's claims against Rookstool in his official capacity are claims against Douglas County. "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Id.*

"[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *In re Athens/Alpha Gas Corp.*, 715 F.3d 230, 235 (8th Cir. 2013) (quoting *Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 81 (1984)). Claim preclusion bars the relitigation of a claim that has been directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions. The doctrine bars relitigation not only of those matters actually litigated, but also of those matters which might have been litigated in the prior action. The doctrine rests on the necessity to terminate litigation and on the belief that a person should not be vexed twice for the same cause. *Hara v. Reichert*, 843 N.W.2d 812, 816 (Neb. 2014).

The state district court adjudicated Plaintiff's due process claims against Douglas County with regard to the tax deed, and claim preclusion prohibits

---

[6] "'In order that parties for or against whom the doctrine of res judicata is sought to be applied may be regarded the same in both actions, the general rule is that they must be parties to both actions in the same capacity or quality.'" *McGill v. Lion Place Condo. Ass'n*, 864 N.W.2d 642, 655 (Neb. 2015) (citation omitted). In the state district court action, Plaintiff sued Rookstool in his official capacity only.

Plaintiff from relitigating those claims or pursuing other similar claims against Douglas County (Rookstool in his official capacity) now. The former judgment was rendered by the Douglas County District Court, a court of competent jurisdiction; it was a final judgment on the merits[7]; and the same parties were involved in both actions.

## B. Issue Preclusion

Issue preclusion bars the relitigation of a finally determined issue that a party had a prior opportunity to fully and fairly litigate. Issue preclusion applies where (1) an identical issue was decided in a prior action, (2) the prior action resulted in a final judgment on the merits, (3) the party against whom the doctrine is to be applied was a party or was in privity with a party to the prior action, and (4) there was an opportunity to fully and fairly litigate the issue in the prior action. Issue preclusion applies only to issues actually litigated. Issue preclusion protects litigants from relitigating an identical issue with a party or his privy and promotes judicial economy by preventing needless litigation. *Hara*, 843 N.W.2d at 816.

The core issue that Plaintiff seeks to litigate here is the validity of the tax deed issued to Vandelay Investments on Plaintiff's home. That issue was finally determined in Plaintiff's suit against Randy James and Vandelay Investments in Douglas County District Court Case No. CI 15-6268. In that prior action, after it heard argument and received evidence from Plaintiff, the state district court found the tax deed valid, entered summary judgment for the defendants, and dismissed the case. Accordingly, because the four elements of issue preclusion are met, Plaintiff cannot relitigate the validity of the tax deed against Rookstool, in either

---

[7] "A ruling is final when no further action of the court is required to dispose of the cause pending." *Smith v. Smith*, 517 N.W.2d 394, 399 (Neb. 1994); *see also* Neb. Rev. Stat. § 25-1902 (West) (final order, defined). "A judgment of dismissal based on the failure of a claimant to state a cause of action is considered a judgment on the merits, even where by amendments a good cause of action might be stated." *Cole v. Clarke*, 641 N.W.2d 412, 416 (Neb. App. 2002).

his individual or official capacity, now.[8] "[I]ssue preclusion may be used by a nonparty in a later action, either offensively or defensively." *Id.* at 817.

IT IS THEREFORE ORDERED that:

1.     This matter is dismissed with prejudice.

2.     A separate judgment will be entered.

Dated this 28th day of August, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

[8] This includes Plaintiff's allegation that Vandelay Investments did not file the required affidavits. This is merely another attack on the validity of the tax deed. But, as stated, the state district court found the tax deed valid; in other words, in compliance with Nebraska law.



**T OF DOUGLAS COUNTY, NEBRASKA**

BERNARD FRACTION,

   Plaintiff,

RANDY JAMES, and VANDELAY.
INVESTMENTS, et. al

   Defendants,

)CASE NO. ~~8:14-cv-00348-JMG-PRSE~~

   *CI 15- 6268*

) COMPLAINT AND
) PETITION FOR
) DAMAGES

**ASSIGNED TO** *Randall*

COMES NOW Bernard Fraction and for his Petition in this matter states as follows:

1. The Plaintiff, Bernard Fraction, resides in the State of Nebraska and has resided in said state for more than 20 years;

2. Plaintiff is a homeowner of the house at 3026 Lafayette Avenue, having paid off a 30 year mortgage while also adding $28,000 of improvements around the home

3. Plaintiff has been a resident with Astro Services Company for more than eight (8) years

4. Defendant, Randy James and Vandelay Investments illegally seized possession of the house using falsified certified documentation

5. On or about December 27, 2007, Plaintiff had a female guest who refused to leave his home. When he notified the police, they arrived with a group of trainees in tow and questioned the Plaintiff

6. As they questioned him outside, other officers remained in the house talking with the trespasser and at the same time illegally searching plaintiff #21 house

FILED
IN DISTRICT COURT
DOUGLAS COUNTY NEBRASKA

JUL 17 2015

JOHN M. FRIEND
CLERK DISTRICT COURT

him instead, charging him with possession of a firearm and a domestic violence charge.

7. Plaintiff was detained for 8 days and had to post a $65oo bond, during which time his house remained open and unlocked.

8. Because of debts associated with the condition of the house upon his return (the police left the door wide open) furnace, vandalism, theft, legal fees and the like. Plaintiff was unable to pay his taxes, although the house was free and clear.

9. In April 2013, with no prior notification, Randy James posted an eviction notice on the home of Plaintiff that was acquired with a forged certified signature, representing Vandelay Investments.

10. Plaintiff filed a charge against Plaintiff charging him with falsifying certified documents, judge threw it out.

11. In November, during a restitution hearing, Plaintiff was denied due process, was never allowed to see the paperwork handed in by defendant, and Judge Caniglia ruled in favor of Defendant.

12. Because OPPD and MUD have turned off the utilities, this condition has led to mold, food spoilage, fungus, etc. and has resulted in a major property loss to the Plaintiff.

13. WHEREFORE the Plaintiff Fraction believes that his personal and civil rights were violated as a result of behavior and statements made by Defendant Randy James;

14. WHEREFORE, Defendant Randy James is acting as a representative of Vandelay Investments;

15. AND WHEREFORE, Plaintiff Fraction has suffered emotional duress and additional stress as a result of having been deprived of his rights as a homeowner;

16. BE IT RESOLVED, that Plaintiff Fraction prays that this court enter an order granting Plaintiff a judgment in the amount of $500,000 and attorney's fees as well as awarding Plaintiff its refund of their rental security deposit as a result of emotional duress, and granting any other relief that the Court deems equitable and just.

DATED: July __, 2015

Bernard Fraction,
Plaintiff pro se

By: _Bernard Fraction_

**Bernard Fraction, pro se**
**600 S. 27th Street, #105**
**Omaha, NE  68105-1537**
**Phone: 402-718-7638**

## CERTIFICATE OF SERVICE

The undersigned certifies that she caused a true and correct copy of the foregoing complaint and petition for damages to be served on Randy James and Vandelay Investments, 5100 Van Dorn St. Lincoln, Nebraska, 68506, by First Class United States mail, sufficient postage prepaid, on this ___ day of _____, 2015.

_Bernard Fraction_
**Bernard Fraction, pro se**

Last Visited 6/29/17

# IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

|  |  |
|---|---|
| BERNARD FRACTION,<br><br>Plaintiff,<br><br>v.<br><br>RANDY JAMES and VANDELAY<br>INVESTMENTS, L.L.C., a Nebraska<br>corporation,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No. CI 15-6268

**ORDER ON DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT**

#6 FILED
IN DISTRICT COURT
DOUGLAS COUNTY NEBRASKA

AUG 1 0 2016

JOHN M. FRIEND
CLERK DISTRICT COURT

This matter comes before the Court on Defendants', Randy James and Vandelay Investments, LLC (collectively, "Vandelay"), Motion for Summary Judgment filed on January 14, 2016. The hearing set for February 26, 2016, was continued until May 31, 2016. Plaintiff Bernard Fraction (hereinafter, "Fraction") appeared pro se and Vandelay was represented by Robert Lannin. The Court heard argument and reserved ruling on certain evidence. The Court now receives into evidence: Exhibit 1, the affidavit of Randy James; Exhibit 2, Fraction's evidence pages 1-4, 10-12, and 15-21, Vandelay objected to the relevancy of pages 5-9 and 13-14 and the Court sustains those objections; Exhibit 3, the audio recording of the county court proceedings; and Exhibit 4, Fraction's evidence page 1, Vandelay objected to the relevancy of page 2 and the Court sustains the objection. Vandelay submitted a brief in support of summary judgment and Fraction rested on oral argument. The Court took the matter under advisement. Being fully advised in the premises, the Court finds and orders as follows:



001357912D01

## FACTS AND PROCEDURAL HISTORY

Fraction is a resident of Nebraska and owned real property at 3026 Lafayette Avenue, Omaha, Douglas County, Nebraska. (Compl. ¶¶ 1-2). On March 1, 2010, a Tax Treasurer's Deed was issued to Ermin Krumel, for the real property described above for the delinquent taxes of the year 2008. (Ex. 1). Ermin Krumel assigned the certificate of tax sale to Vandelay on or about February 15, 2013. *Id.* Plaintiff alleges that in April 2013, Vandelay illegally seized possession of the real property using falsified certified documentation and posted an eviction notice that was acquired with a forged certified signature. (Compl. ¶¶ 4, 9). Vandelay claims ownership of the real property pursuant to a Treasurer's Tax Deed issued by the Douglas County Treasurer. (Ex. 1). Vandelay alleges that it complied with all notice and service requirements under Nebraska law. *Id.*

Vandelay requests this Court grant its Motion for Summary Judgment because the Treasurer's Tax Deed is valid and Vandelay complied with all requirements in a forcible entry and detainer action, as well as its notice to Fraction.

## STANDARD OF REVIEW

Summary judgment is proper if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law. *Hughes v. School Dist. of Aurora*, 290 Neb. 47, 53, 858 N.W.2d 590, 594 (2015). "Summary judgment proceedings do not resolve factual issues, but instead determine whether there is a material issue of fact in dispute." *Peterson v. Homesite Indem. Co.*, 287 Neb. 48, 54, 840 N.W.2d 885, 891 (2013). "In the summary judgment context, a fact is material only if it would affect the outcome of the case." *Id.* On a motion for summary judgment, courts view the evidence in the light most favorable to the non-moving

2

party and gives that party the benefit of all reasonable inferences deducible from the evidence. *Doe v. Fireman's Fund Ins. Co.*, 287 Neb. 486, 489, 843 N.W.2d 639, 642 (2014).

**ANALYSIS**

"Tax sale certificates sold and issued between January 1, 2010, and December 31, 2014, shall be governed by the laws and statutes that were in effect on December 31, 2009, with regard to all matters relating to tax deed proceedings, including noticing and application, and foreclosure proceedings." Neb. Rev. Stat. § 77-1837.01(2) (Reissue 2009). The Legislature expressly specified the class of Tax Treasurer's Deeds to which it meant the statute to retroactively apply. Therefore, this Tax Treasurer's Deed is governed by the laws in effect on December 31, 2009.

Fraction alleges in his Complaint that in April 2013, Vandelay illegally seized possession of the real property using falsified certified documentation and posted an eviction notice that was acquired with a forged certified signature. Vandelay argues that it complied with all requirements in a forcible entry and detainer action, as well as its notice to Fraction. For the reasons iterated below, Vandelay's Motion for Summary Judgment is granted.

**I.     Presumptive Validity of Treasurer's Tax Deed**

Pursuant to Neb. Rev. Stat. § 77-1842 (Reissue 2009), a Treasurer's Tax Deed is presumptive evidence in all courts, in all controversies in relation to the rights of the purchaser as to several separately enumerated facts. Among those facts presumed are that the taxes were unpaid, the real property conveyed had not been redeemed, appropriate notice was made to the owner of the property, and that all prerequisites of the law were complied with by the officers whose duty it was to make good and valid sale to vest title in the purchaser.

Therefore, it is Fraction's burden, as the party challenging the validity of the Treasurer's Tax Deed, to show some defect, as the presumption is not conclusive, and may be rebutted. *Kuska*

*v. Kubat*, 147 Neb. 139, 140-41, 22 N.W.2d 484, 485 (1946). Both Fraction and Vandelay submitted copies of the Treasurer's Tax Deed into evidence. Based on Fraction's Complaint and evidence, the Court finds that the Treasurer's Tax Deed is valid. The remaining allegation in the Complaint is whether Fraction received the required notice required under Chapter 77.

## II.    Notice Provisions under Chapter 77

Neb. Rev. Stat. § 1832 (Reissue 2009) provides:

> Service of the notice provided by section 77-1831 shall be made by certified mail, return receipt requested, upon the person in whose name the title to the real property appears of record to the address where the property tax statement was mailed and upon every encumbrancer of record in the office of the register of deeds of the county. Whenever the record of a lien shows the post office address of the lienholder, notice shall be sent by certified mail, return receipt requested, to the holder of such lien at the address appearing of record.

It is undisputed that Vandelay sent a notice on or about April 4, 2013. The notice was addressed to Bernard E. Fraction, at the address where the property tax statement was mailed. The Court finds that the notice sent via certified mail complied with the requirements of Neb. Rev. Stat. § 77-1832. The notice was sent to the record address where the property tax statement was mailed. The return service was signed on April 4, 2013. The statute does not require the return service to be signed by a particular individual or anyone with specific qualifications. The Court finds that the Vandelay complied with the notice requirements under Nebraska law.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendants', Randy James and Vandelay Investments, L.L.C., Motion for Summary Judgment is **granted** and this case is dismissed.

DATED this __10__ day of August, 2016.

BY THE COURT:

GARY B. RANDALL
DISTRICT COURT JUDGE

Last Visited 8/23/17

5

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on August 10, 2016   , I served a copy of the foregoing
document upon the following persons at the addresses given, by mailing by United States Mail,
postage prepaid, or via E-mail:

Robert S Lannin                     Bernard Fraction
rlannin@shivelylaw.com              600 S. 27th St. #1005
                                    Omaha, NE 68105-1537

Date:  August 10, 2016      BY THE COURT:  _John M. Friend_____

                                                    CLERK

Last Visited 8/23/17

In The District Court of Douglas County, Neb.



001300168D01

Bernard Fraction,
    Plaintiff,

Dennis Rookstool,
Douglas County Treasurs
    Defendants.

Complaint And Petition
For Damages
CI16-3090

ASSIGNED TO Coffey

Comes Now Bernard Fraction And for His petition in this matter States As Follows:

1. The plaintiff, Bernard Fraction, resides in the State of Nebraska And has resided in Said State For more than 20 years;

2. In November 2013 with No Prior Notice. Randy James of Vandelay Investments posted An Eviction notice on the Home of the plaintiff

3. Plaintiff went to the Register of Deeds And Check For Notices Sent to 3026 Lafayette. Plaintiff Discovered Certified Mail Addressed To: Bernard Fraction was Forged.

4. According to State Statues 77-1832 Personal Notice was Not Given to plaintiff.

5. Paintiff understand His Due Process Rights were violated.

6. Defendant Dennis Rookstool Handed over A Tax Deed to Randy James And Vandelay Investments Illegally.

7. Wherefore, Plantiff Fraction has Suffered Emotional duress And Additional Stress As A result of Having been deprived of His Rights As A Homeowner

8. Be it Resolved, That Fraction prays this Court Enter And Order granting Plaintiff Judgment in the Amount of 500,000 in Civil Claims And as well Covering Plaintff emotional duress, Impoverished state.

Dated: April 8 2016

Bernard Fraction,
Plantiff Pro SE
Bernard Fraction

#44 FILED
IN DISTRICT COURT
DOUGLAS COUNTY NEBRASKA
APR 13 2016
JOHN M. FRIEND
CLERK DISTRICT COURT

Last Visited of 12 17

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

657

Bernard E. Fraction
3026 Lafayette Ave
Omaha, NE 68131

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____
☐ Agent
☑ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
04/04/13

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7011 3500 0003 3457 3349

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ $0.46 |
| Certified Fee | $3.10 |
| Return Receipt Fee (Endorsement Required) | $2.55 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ $6.11 |

Postmark Here

657

Sent To

Street, Apt. No.
or PO Box No.
City, State, ZIP

Bernard E. Fraction
3026 Lafayette Ave
Omaha, NE 68131

7011 3500 0003 3457 3349

PS Form 3800

Note,

This my Ex-Wife
She Has Been IN California
She Left Nebraska IN 2002
She clearly Did Not Sign this
But WAS Filed As personal Notice.



Las Visited 2017

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery 04/04/13

1. Article Addressed to:

657

Joanne Fraction
3026 Lafayette Ave
Omaha, NE 68131

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)  7011 3500 0003 3457 3370

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

7011 3500 0003 3457 3370

| | |
|---|---|
| Postage | $ $0.46 |
| Certified Fee | $3.10 |
| Return Receipt Fee (Endorsement Required) | $2.55 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ $6.11 |

LINCOLN NEBR INDIAN VILLAGE STA 68502
APR Postmark Here 2013

657

Sent To
Joanne Fraction
Street, Apt. No.; or PO Box No.  3026 Lafayette Ave
City, State, ZIP+4  Omaha, NE 68131

PS Form 3800,

**Personal notice.**

**—Purpose.**

The intention was to provide for the giving of "notice to redeem" as, in the judgment of the legislature, would be most likely to reach the then owner of real estate which had been sold for taxes, advise him when his right to redeem would expire, and thus afford him an opportunity to prevent the divestiture of his title. Thomson v. Dickey, 42 Neb. 314, 60 N.W. 558 (1894).

**—Contents.**

Notice to redeem must be served upon the party designated by the statute, and must contain the precise information required; the statements required were as jurisdictional as the service of the notice. Henze v. Mitchell, 93 Neb. 278, 140 N.W. 149 (1913).

Statute prescribing the duties of the purchaser of a tax deed with respect to the issuance of final notice, the contents of the notice, and the manner of service, carries out constitutional provision in this section. Parsons v. Prudential Real Estate Co., 86 Neb. 271, 125 N.W. 521 (1910).

**—Failure to notify.**

The failure of a tax purchaser to give notice to the owner or occupant of the real estate to redeem at least three months before the time of redemption expires, although fatal to the obtaining of a tax deed, is not indispensable to enable the holder of the tax certificate to bring an action to foreclose the tax lien. Lammers v. Comstock, 20 Neb. 341, 30 N.W. 251 (1886).

Payment of redemption money and interest was voluntary where no notice served. Jones v. Duras, 14 Neb. 40, 14 N.W. 537 (1883).

**—Time.**

The notice, to be effectual, must be given before the time to redeem expires. Hendrix v. Boggs, 15 Neb. 469, 20 N.W. 28 (1884).

**—When required.**

Personal notice required in sale of land for taxes, as provided in this section, applies in all cases where a tax deed is sought, but is not required in sales under tax foreclosures in § 77-1837. Connely v. Hesselberth, 132 Neb. 886, 278 N.W. 821 (1937).

Personal notice required by this section is not required in all circumstances. Commercial Sav. & Loan Ass'n v. Pyramid Realty Co., 121 Neb. 493, 237 N.W. 575 (1931).

Provision of the state constitution providing for the time within which to redeem from tax sales, applies to judicial as well as to administrative sales. Selby v. Pueppka, 73 Neb. 179, 102 N.W. 263 (1905).

A purchaser at a tax sale is not required to give a notice to redeem to maintain an action to enforce a lien. Van Etten v. Medland, 53 Neb. 569, 74 N.W. 33 (1898).

It is not necessary to serve a notice on the defendant before bringing a suit to enforce a tax lien. McClure v. Lavender, 21 Neb. 181, 31 N.W. 672 (1887).

**Procedure.**

For a case discussing the procedural methods of foreclosing tax liens, former § 77-2039, Comp.St. Supp. 1941, and the foreclosure of tax sale certificates, former §§ 77-2040 and 77-2041, see Madison County v. Walz, 144 Neb. 677, 14 N.W.2d 319 (1944).

**Right to redeem.**

No one may be deprived of the right to redeem lands sold for taxes until after the lapse of the stated period from the date of sale, and, not then, unless the notice is given to occupants, if any, of the lands. Bryant v. Estabrook, 16 Neb. 217, 20 N.W. 245 (1884).

**Sales.**

Right to redemption applies to judicial sale where there had been no prior administrative sale. Smith v. Carnahan, 83 Neb. 667, 120 N.W. 212 (1909).

Sale for taxes must in all cases be made subject to the owner's right to redeem within two years from the completed sale, and no court or officer has power to sell and convey a higher title. Smith v. Carnahan, 83 Neb. 667, 120 N.W. 212 (1909).

There is nothing in the constitution which forbids the enforcement of a tax lien by judicial sale without an antecedent administrative sale. Logan County v. Carnahan, 66 Neb. 685, 92 N.W. 984 (1902), aff'd, 66 Neb. 693, 95 N.W. 812 (1903).

**Tax deed.**

It is not within the power of legislature to make tax deed conclusive evidence of jurisdictional facts. Larson v. Dickey, 39 Neb. 463, 58 N.W. 167 (1894).

**Two years.**

**—Computation.**

Two-year constitutional provision for redemptions from tax sales is satisfied by elapse of two years after sale before tax deed issue or by two-year stay after judicial sale before confirmation and issuance of sheriff's deed. Commercial Sav. & Loan Ass'n v. Pyramid Realty Co., 121 Neb. 493, 237 N.W. 575 (1931).

Where foreclosure of a tax sale certificate is not completed until confirmation, the two years' time allowed begins to run from that date in foreclosures upon tax sale certificates. Criswell v. McKnight, 119 Neb. 787, 230 N.W. 889 (1930).

The period in which the owner of land sold under a tax decree in proceedings under the Scavenger Act is entitled to redeem from the sale, runs from the sale by the county treasurer under the decree. Parsons v. Prudential Real Estate Co., 86 Neb. 271, 125 N.W. 521 (1910).

**—Foreclosure.**

Owners and others interested in realty sold

>>>>> said, they are willing to listen to a counter offer from Mr.
>>>>> Fraction for settlement of all claims.
>>>>>
>>>>> As I stated on the phone, the hearing currently scheduled for
>>>>> April 24th, at 10:30AM, in the County Court, to me is moot. If
>>>>> necessary, I will argue in support of the Motion to Quash I filed.
>>>>> The forcible entry and detainer action is complete. No appeal was
>>>>> filed. I think Mr. Fraction just filed that motion so the Court
>>>>> calendared it.
>>>>> However, as we discussed the District Court and a quiet title
>>>>> would be the appropriate remedy at this point and to hear any
>>>>> equitable concerns. To that end, I would hope to avoid the April
>>>>> 24th hearings (the more hearings, etc, the more costs, and the
>>>>> less likely my client will be willing to settle, or the settlement
>>>>> price will go up). I would think if we cannot reach a resolution
>>>>> prior to the 24th, a separate agreement outside of Court could be
>>>>> reached to address personal property, etc.
>>>>>
>>>>> Thanks, Randy
>>>>>
>>>>>
>>>>> Quoting "Owen, Katherine" <kowen@legalaidofnebraska.com>:
>>>>>
>>>>>> Mr. James,
>>>>>>
>>>>>> Mr. Faction has retained Legal Aid of Nebraska to represent him
>>>>>> in an action to void the purported tax deed sale of his home located at
>>>>>> 3026 Lafayette Ave to your client, Vandelay Investments, LLC.   The
>>>>>> certified mail receipt on record with the Douglas County
>>>>>> Treasurer evidences that our client did not sign for the required
>>>>>> notice personally, as required by Nev. Rev. Stat. 77-1832(b).
>>>>>> Since service was not proper, and the sale did not occur in the
>>>>>> required period of time, the deed held by your client is
>>>>>> defective and title should be transferred back to Mr. Faction.
>>>>>>
>>>>>> Please direct your communications to me from this point forward.
>>>>>> It is my understanding that there is a County Court hearing on
>>>>>> April 24th on my client's motion to stay his eviction.  It is my
>>>>>> goal to have our District Court petition on file before then, as
>>>>>> both parties are naturally anxious to resolve the issue.  In the
>>>>>> meantime, please be advised that any damage or diminution in
>>>>>> value of Mr. Fraction's personal or real property interests will
>>>>>> be among the remedies claimed in his petition so your client
>>>>>> should mitigate these damages accordingly.  In other words,
>>>>>> please do not dispose of his personal property without my client's consent.
>>>>>>
>>>>>> You can contact me at your convenience should you wish to discuss
>>>>>> this case.
>>>>>>
>>>>>> Thanks, Kate
>>>>>>
>>>>>>

7

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA



BERNARD FRACTION,                )
                                 )
            Plaintiff,           )        Case No. CI 16-3090
                                 )
                                 )
v.                               )        **ORDER**
                                 )
DENNIS ROOKSTOOL,                )
                                 )
                                 )
            Defendants.          )

#13    FILED
IN DISTRICT COURT
DOUGLAS COUNTY NEBRASKA

JUL 1 4 2016

JOHN M. FRIEND
CLERK DISTRICT COURT

**THIS MATTER COMES BEFORE THE COURT** on June 22nd, 2016 upon motion of Defendant Dennis Rookstool ("Defendant") for an Order dismissing this action. Defendant was represented by Deputy Douglas County Attorney Tim Dolan. Plaintiff Bernard Fraction ("Plaintiff") appeared in person. Plaintiff informed the Court that, on June 21st, 2016, he had filed a pleading captioned "Motion for Judgment on the Pleadings and Dinial [sic] of Motion to Dismiss Motion to Compel Discovery". The Court advised Plaintiff that his filing was not timely, and asked Defendant for his position on the matter. Defendant waived the three (3) day notice period, whereupon the Court invited arguments relating to both motions. Defendant elected to stand upon the arguments contained in the brief he submitted to the Court and served upon Plaintiff on June 9th, 2016. Plaintiff noted that this matter is a companion case to CI 15-6268, *Bernard Fraction v. Randy James and Vandelay Investments, et al.* and suggested this Court consider the evidence Plaintiff submitted in opposition to those Defendants' (Randy James's and Vandelay Investments') motion for summary judgment. Defendant objected on the grounds that the introduction of exhibits is beyond the scope of a motion for judgment on the pleadings. The Court took the matter under advisement, and is now prepared to issue its decision.

## FACTS

On April 13, 2016, Plaintiff filed his Complaint and Petition for Damages ("Complaint"). As explained in the "Standard of Review" section below, the Court will accept Plaintiff's well-pled factual allegations as true and will also draw in favor of Plaintiff's the reasonable inferences available from those facts. The Court will also consider the documents Plaintiff attached to the Complaint, since those are considered part of the Complaint. However, the Court will not treat Plaintiff's legal conclusions as true. Accordingly, the Court finds that Complaint (and its attachments) reasonably infers the following: Plaintiff has resided in Nebraska for more than twenty years. Complaint, ¶1. In November of 2013, Plaintiff resided at 3026 Lafayette Avenue, in Omaha, Douglas County, Nebraska, within zip code 68131 (the "Property"). Complaint, ¶¶1 and 2. In November, 2013, Vandelay Investments posted an eviction notice on the Property. Complaint, ¶2. The eviction notice prompted Plaintiff to check the title record for the Property in the office of the Douglas County Register of Deeds. Complaint,¶3. Plaintiff learned that Randy James of Vandelay Investments had filed a certified mail receipt relating to a notice

1

purportedly sent to Plaintiff at the address of the Property on or about April 4, 2013. Complaint, ¶3 and attached copies of certified mail receipts (hereafter the Court will refer to these attachments as the Receipts). In light of Plaintiff's citation to Neb.Rev.Stat. § 77-1832 and his later reference to a tax deed, the Complaint reasonably infers that the April, 2013 notice that Plaintiff refers to was associated with Vandelay Investment's intention to apply for a treasurer's tax deed to the Property. Complaint, ¶4. Similarly, given Vandelay Investment's 2013 application for a treasurer's tax deed, the Complaint reasonably infers that it (Vandelay Investments) either purchased or was assigned the tax sale certificate originally issued when the Property was sold for delinquent real property taxes sometime during 2010. Neither Plaintiff nor his former wife signed the Receipts relating to Vandelay Investment's mailing of its intention to apply for a treasurer's tax deed to the Property. Complaint, ¶3 and attached copies of the Receipts. Vandelay Investments ultimately applied for a treasurer's tax deed to the Property, and Defendant issued one. Complaint, ¶6. Defendant issued the treasurer's tax deed at some point in time before November 2013, when Vandelay Investments posted an eviction notice on the Property. Complaint, ¶2. The Court finds that the Complaint does not allege and it does not reasonably infer that Defendant knew of any irregularities or fraud in connection with Vandelay Investment's application for a treasurer's tax deed to the Property.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Neb. Ct. R. of Pldg. § 6-1112 (b) (6) tests the legal sufficiency of a complaint, not the substantive merits of a claim. *Doe v. Omaha Public School Dist.*, 273 Neb. 79, 82, 727 N.W. 2d 447, 452 (2007). Accordingly, a court may typically look only at the face of a complaint when deciding a motion to dismiss. *Id.* (citing *Ferer v. Erickson, Sederstrom*, 272 Neb. 113, 718 N.W.2d 501 (2006)). However, Neb. Ct. Pldg. § 6-1110 (captioned "Form of Pleadings"), sub-part (c) (captioned "Adoption by Reference; Exhibits") states that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." *See also Kellogg v. Nebraska Dept. of Correctional Services*, 269 Neb. 40, 45, 690 N.W.2d 574, 578-9 (2005). In addition, the Nebraska Supreme Court has observed that a court may take judicial notice of matters of public record when considering a motion to dismiss, and that doing so will not convert the motion to dismiss into a motion for summary judgment. *Doe v. Omaha Public School Dist., supra*, 273 Neb. at 83, 727 N.W.2d at 453 (citing *In re Adoption of Kenten H.*, 272 Neb. 846, 725 N.W.2d 548 (2007) and *Ferer, supra*). When considering a motion to dismiss, the court accepts as true all well-pled facts in a complaint and will also draw all reasonable inferences of law and of fact which may be drawn therefrom, but the court does not accept conclusions. *Bruno v. Metropolitan Utilities District*, 287 Neb. 551, 554, 844 N.W.2d 50, 53 (2014)). In fact, courts are "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Kellogg, supra*, 269 Neb. at 45, 690 N.W.2d at 578 (citing *Farm Credit Services v. American State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) and *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868 (8th Cir. 2002)). Unless a plaintiff has alleged sufficient factual content which, accepted a true, states a claim to relief that is plausible on its face, a complaint may be dismissed. *Doe v. Bd. of Regents of University of Nebraska*, 280 Neb. 492, 506, 788 N.W.2d 264, 278 (2010). A motion to dismiss may be granted when a plaintiff's "own allegations show that a defense exists that legally defeats his claim for relief." *Doe v. Omaha*

*Public School Dist., supra,* 273 Neb. at 86, 727 N.W.2d at 455-56 (citing 5b Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 at 708-10 (3d ed. 2004)).

Neb. Ct. R. Pldg. § 6-1112 (c) (captioned "Motion for Judgment on the Pleadings") provides that, after the pleadings are closed, any party may move for judgment on the pleadings. This Rule also provides that if matters outside of the pleadings are presented to and not excluded by the court, the motion should be treated as one for summary judgment and all parties should be given reasonable opportunity to present materials pertinent to the motion. Neb. Ct. R. Pldg. § 6-1107 (a) (captioned "Pleadings") states that there shall be a complaint *and an answer.* (emphasis added). Pursuant to Neb. Ct. R. Pldg. § 6-1112 (a) (captioned "When Presented"), sub-part (4) service of a motion under Neb. Ct. R. Pldg. § 6-1112 alters the period of time by which a defendant whose motion to dismiss is denied must file an answer by stating that the responsive pleading must be filed within twenty (20) days after notice of the court's action.

## ANALYSIS

There are two pending motions before the Court. The Court shall first address Plaintiff's motion for judgment on the pleadings, since disposition of that motion is necessarily very brief. Plaintiff filed this action on or about April 13, 2016. Summons issued April 28, 2016. On May 6, 2016, Defendant moved for dismissal. Defendant has not yet filed an answer to Plaintiff's Complaint. As a result, the pleadings are not "closed" for purposes of Neb. Ct. R. Pldg. § 6-1112 (c), and Plaintiff's motion for judgment on the pleadings is, at best, premature. In addition, to the extent a complaint is susceptible to dismissal for failure to state a plausible claim to relief, it is axiomatic that granting judgment on the pleadings would be improper.

Defendant challenges the sufficiency of Plaintiff's Complaint. Liberally construed, the Complaint asserts claims for money damages under state and federal law. The Court will consider each separately.

## STATE LAW CLAIM

Defendant correctly points out that, when a claim to relief rests entirely upon an incorrect legal premise, it is not plausible on its face and may be dismissed. *See* Brief in Support of Defendant Dennis Rookstool's Motion to Dismiss, p. 3 (citing *Bruno v. Metropolitan Utilities District*, 287 Neb. 551, 844 N.W.2d 50 (2014). Plaintiff's claim that he did not receive personal notice as required pursuant to Neb.Rev.Stat. § 77-1832 certainly hinges upon his legal premise that this statute required personal service to begin with. However, it is not necessary for the Court to resolve the question of the applicability of the 2012 (or later) version of Neb.Rev.Stat. § 77-1832 in relation to Plaintiff's state law claim. Regardless of which version of Neb.Rev.Stat. § 77-1832 was in effect in 2013, Plaintiff's Complaint is clear that his state law claim to relief from Defendant arises exclusively from Defendant's purported issuance of a treasurer's tax deed conveying the Property to Vandelay Investments. Complaint, ¶6. Issuance of a treasurer's tax deed is a matter governed by Nebraska statutes found under Chapter 77 (captioned "Revenue and Taxation"), Article 18 (Captioned "Collection of Delinquent Taxes By Sale of Real Property"). The statutes within Article 18 plainly demonstrate that issuance of a treasurer's tax deed is part of the collection of delinquent real estate taxes, a fact the Nebraska Supreme Court has recognized. *See SID No. 424 of Douglas County v. Tristar Management, LLC*, 288 Neb. 425, 436, 850 N.W.2d 745, 753 (2014) (quoting *Brown v. Glebe*, 213 Neb. 318, 320, 328 N.W.2d 786, 788 (1983) in observing that the overall goal of issuance of treasurers' tax deeds under

3

Chapter 77, Article 18 and of judicial foreclosures under Chapter 77, Article 19 is the recovery of unpaid real estate taxes.

Nebraska law is does not permit Plaintiff to recover money damages from Defendant for his (Defendant's) role in the collection of delinquent real estate taxes. The Nebraska Legislature has declared it to be the law and public policy of this state that no suit shall be maintained against a political subdivision or its employees except to the extent set forth in the Political Subdivisions Tort Claims Act (the "PSTCA"). *See* Neb.Rev.Stat. § 13-902. As a result, the Nebraska Supreme Court has observed that the PSTCA "is the exclusive means by which a tort claim may be maintained against a political subdivision or its employees." *Jessen v. Malhotra,*266 Neb. 393, 396, 665 N.W.2d 586, 590 (2003) (citing *Keller v. Tavarone*, 265 Neb. 236, 655 N.W.2d 899 (2003)). As a primary consideration, the PSTCA requires a claimant to submit written notice of a tort claim to the governing body of a political subdivision within one (1) year after the accrual of a claim, or else the claim will be forever barred. *See* Neb.Rev.Stat. § 13-919. Yet there is no allegation that Plaintiff submitted a written notice of claim despite the fact that the Complaint reasonably infers Defendant's issuance of the treasurer's tax deed to the Property no later than November, 2013 (when Vandelay Investments posted a notice of eviction), and despite publicly available records from Plaintiff's Federal lawsuit captioned "*Bernard Fraction v. Randy James, Vandelay Investments, et al.*" (Case No. 8:14 CV 348) demonstrating Plaintiff's commencement of legal proceedings essentially identical to the present action no later than November 5, 2015. To comply with the PSTCA, Plaintiff was required to submit a written notice of claim. This is the case even if Plaintiff intended to ground his action directly upon the due process clause of the Nebraska Constitution, since – assuming the due process clause created a private right of action for Plaintiff – it is not a waiver of sovereign immunity and he still needed to comply with the PSTCA. *See McKenna v. Julian* , 277 Neb. 522, 763 N.W.2d 384 (2009) (individual asserting due process claim under the State constitution must comply with the PSTCA). Plaintiff's Complaint does not reasonably infer his satisfaction of the PSTCA's written notice of claim requirement, a condition precedent prior to bringing suit under the PSTCA. *Mace-Main v. City of Omaha, et al.*, 17 Neb.App. 857, 863-64, 773 N.W.2d 152, 158 (2009) (affirming dismissal of action against utilities district when the plaintiff did not submit a written notice of claim within one year of her claim's accrual).

As a secondary consideration, the PSTCA preserves governmental immunity in relation to "[a]ny claim arising with respect to the assessment or collection of any tax or fee or the detention of any goods or merchandise by any law enforcement officer." *See* Neb.Rev.Stat. § 13-910 (5). Plaintiff's state law claim arises with respect to Defendant's role in the collection of delinquent real estate taxes. Accordingly, the Complaint shows on its face that the PSTCA did not set aside sovereign immunity in relation to Plaintiff's claim, so he cannot state a plausible claim to relief from Defendant. Plaintiff's state law claim against Defendant should be dismissed.

## FEDERAL LAW CLAIM

Although Plaintiff's assertion that his due process rights were violated (Complaint, ¶5) borders on being a legal conclusion, it may be construed as a claim to relief under federal constitutional law when considered in light of the Complaint's other factual allegations. The Court interprets the Complaint as reasonably inferring two separate and distinct aspects of the treasurer's tax deed process which Plaintiff claims violated his federal due process interest: First,

Vandelay Investment's failure to provide him personal service of the notice of its intention to apply for a treasurer's tax deed to the Property. Second, the unattributed forgery of the Receipts. State laws may create and define the dimensions of property interests that are entitled to the protection of federal constitutional due process. *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 755-56, 125 S.Ct. 2796 (2005). For purposes of Defendant's motion to dismiss, the Court may assume that the 2012 version of Neb.Rev.Stat. § 77-1832 grants an owner of real property a constitutionally protected property interest in receiving personal notice of a tax sales certificate holder's intention to apply for a treasurer's tax deed to the owner's real property. However, personal or residence service upon every person in actual possession of real property of a tax sale certificate holder's intention to apply for a treasurer's tax deed was added to Neb.Rev.Stat. § 77-1832 in 2012. It follows that Plaintiff's claim to a right to personal service of Vandelay Investment's intention to apply for a treasurer's tax deed to the Property may only succeed if the 2012 version of Neb.Rev.Stat. § 77-1832 applied to proceedings governing noticing and application for such deed.

When the Nebraska Legislature amended Neb.Rev.Stat. § 77-1832, it also enacted Neb.Rev.Stat. § 77-1837.01 (captioned "Real property taxes; tax deed proceedings; changes in law not retroactive."). This law declared:

> "The laws in effect on the date of the issuance of a tax sale certificate govern all matters related to tax deeds proceedings, including noticing and application, and foreclosure proceedings. Changes in law shall not apply retroactively with regard to the tax sale certificates previously issued."

The Court cannot grant effect to the 2012 version of Neb.Rev.Stat. § 77-1832 while simultaneously ignoring the Legislature's direction in Neb.Rev.Stat. § 77-1837.01. *See Rodriguez v. Monfort, Inc.*, 262 Neb. 800, 806, 635 N.W.2d 439, 445 (2001) ("A court must attempt to give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless; it is not within the province of a court to read anything plain, direct, and unambiguous out of a statute.") Similarly, the Court cannot disregard the fact that in 2014 the Legislature enacted a purely curative amendment to Neb.Rev.Stat. § 77-1837.01 and added sub-section (2), which declared:

> "Tax sale certificates sold and issued between January 1, 2010, and December 31, 2014, shall be governed by the laws and statutes that were in effect on December 31, 2009, with regard to all matters relating to tax deed proceedings, including noticing and application, and foreclosure proceedings."

When the tax sale certificate to the Property was issued, matters relating to tax deed proceedings were governed by the version of Neb.Rev.Stat. § 77-1832 in effect on December 31, 2009. That version of Neb.Rev.Stat. § 77-1832 read in pertinent part:

> "Service of the notice provided by section 77-1831 shall be made by certified mail, return receipt requested, upon the person in whose name the title to the real property appears of record to the address where the property tax statement was mailed and upon every encumbrancer of record in the office of the register of deeds of the county."

5

The plain language of the pre-amendment version of Neb.Rev.Stat. § 77-1832 did not require personal service of a notice of an intent to apply for a treasurer's tax deed. The pre-amendment version of Neb.Rev.Stat. § 77-1832 essentially established two groups of persons entitled to notice of a tax sale certificate holder's intention to apply for a treasurer's tax deed: the person in whose name the real property appeared of record, and every encumbrancer of record. *See* Neb.Rev.Stat. § 77-1832 (2003). With respect to the former group (to which this Court presumes Plaintiff belonged), the statute plainly mandated service by certified mail to be sent to the address where the property tax statement was mailed. *Id.* The statute did not require that the certified mail receipts be signed by a particular person or by an individual with specific qualifications. Accordingly, the Court finds that Plaintiff cannot state a plausible claim to relief under federal constitutional due process for Vandelay Investment's failure to provide personal service of its notice of intention to apply for a treasurer's tax deed to the property because Vandelay Investments was not statutorily obligated to provide him personal service of its notice. This aspect of Plaintiff's due process claim cannot proceed.

The second aspect of Plaintiff's potential federal due process claim is his assertion that his due process rights were violated by issuance of a treasurer's tax deed despite the fact that neither he (Plaintiff) nor his former wife signed the Receipts. This portion of Plaintiff's due process claim does not depend upon which version of Neb.Rev.Stat. § 77-1832 governed Vandelay Investment's service of notice of its intention to apply for a treasurer's tax deed to the Property. Nevertheless, The Court does not need to determine whether issuance of a treasurer's tax deed under such circumstances could plausibly give rise to a claim to relief under the federal Constitution, because the Court finds that the Complaint has failed to allege facts plausibly suggesting Plaintiff's entitlement to relief.

42 U.S.C. § 1983 ("§ 1983") is the appropriate vehicle for civil vindication of a claimed violation of Plaintiff's federal constitutional due process. *Baker v. McCollan*, 443 U.S. 137, 146, 99 S.Ct. 2687 (1979). Although this Court has authority to entertain § 1983 actions, the Supremacy Clause in Art. VI of the Constitution of the United States requires this Court to follow federal precedent when considering a § 1983 claim. *See Kellogg, supra*, 269 Neb. at 46, 690 N.W.2d at 579. Accordingly, the Court will consider Plaintiff's federal due process claim in light of federal decisional authority. Defendant points out the three aspects of federal constitutional due process (*See* Brief in Support of Defendant Dennis Rookstool's Motion to Dismiss, p. 11 (citing *Daniels v. Williams*, 474 U.S. 327, 336, 106 S.Ct. 662, 677-78 (1986) (J. Stevens, concurring in judgments)), but it is unnecessary to delve into the precise source of Plaintiff's due process claim in light of other controlling federal decisional authority. Specifically, the Court of Appeals for the Eighth Circuit has ruled that "[t]his court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Plaintiff has not expressly and unambiguously stated that he sues Defendant in his (Defendant's) individual capacity, so the Court must review the Complaint as one asserting only an official capacity claim. "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Id.* (citing *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099 (1985)).

The Complaint reasonably infers that Defendant is an employee of the County of Douglas, Nebraska ("Douglas County"). Pursuant to *Monell v. Department of Social Services*,

436 U.S. 658, 98 S.Ct. 2018 (1978), local governments such as Douglas County are responsible only for their own illegal acts, they are not vicariously liable for their employees' actions. Per *Monell*, in order for Plaintiff to assert a plausible claim to relief from Douglas County under § 1983 he must show that an official policy or custom was the "moving force" behind the violation of his due process interest. The Complaint is silent as to any official policy or custom of Douglas County's. Accordingly, the Court finds that Plaintiff has failed to state a claim to relief from Douglas County under federal constitutional law that is plausible on its face.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Judgment on the Pleadings and other relief is **denied**.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant's Motion to Dismiss is **granted** and this case is dismissed.

BY THE COURT,

July 14, 2016

Gary B. Randall
District Court Judge

Last Visited 8/23/17

7

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on July 15, 2016       , I served a copy of the foregoing
document upon the following persons at the addresses given, by mailing by United States Mail,
postage prepaid, or via E-mail:

Tim Dolan                          Bernard Fraction
tim.dolan@douglascounty-ne.gov     3026 Lafayette
                                   Omaha, NE 68131

Date:  July 15, 2016        BY THE COURT:  *John M. Friend*
                                                    CLERK

Last Visited 8/23/17

# IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

BERNARD FRACTION,

  Appellant,

  vs.

DENNIS ROOKSTOOL,

  Appellee.

CI 16-3090

**ORDER ON MANDATE**

  Pursuant to mandate from the Nebraska Court of Appeals, the appeal from the judgment of the District Court of Douglas County, Nebraska, has been affirmed and costs in the amount of $176.00 are not waived, therefore they are taxed to the Plaintiff.

  IT IS SO ORDERED.

DATED this 27th day of June, 2017.

BY THE COURT:



Gary B. Randall,
District Court Judge

#6 FILED
IN DISTRICT COURT
DOUGLAS COUNTY NEBRASKA

JUN. 2 8 2017

JOHN M. FRIEND
CLERK DISTRICT COURT

001513145D01

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on June 28, 2017      , I served a copy of the foregoing
document upon the following persons at the addresses given, by mailing by United States Mail,
postage prepaid, or via E-mail:

Tim Dolan                                Douglas County Treasurers
tim.dolan@douglascounty-ne.gov           1819 Farnam Street HO-3
                                         Omaha, NE 68183


Bernard Fraction
600 S 27th St. Spte 1005
Omaha, NE 68105


Date:  June 28, 2017        BY THE COURT: *John M. Friend*
                                          _____
                                          CLERK

Last Visited 8/23/17